## INDUSTRIAL COMMISSION v WEAVER

Ohio Appeals, 6th Dist, Lucas Co

No 2856. Decided Nov 27, 1933

Calkins, Storey & Nye, Toledo, for plaintiff in error.

James Harrington Boyd, Toledo, for defendant in error.

**OPINION**

By WILLIAMS, J.

The deceased husband .was hurt while carrying springs for testing purposes in the course of his employment and sustained an injury in his left knee which became infected, and as a result thereof there developed a thrombosis in the pulmonary artery which it is claimed caused his death. The only question in the record is whether the trial court erred in refusing to require the jury to return a special verdict under §11462, GC. The record discloses that such a special verdict was requested and the request refused, and nothing further appears except that no forms of special verdict were submitted by counsel. Had the court, upon such request being made, required counsel to prepare and submit forms of special verdict and counsel refused to comply, a different question would be presented. In **Rheinheimer v Insurance Co., 77 Oh St, 360,** the Supreme Court in effect held this section to be mandatory. At page 385 the court say:

"Here it was requested that the jury return a special verdict on all the issues, and it was so done. The court had no discretion in the matter, nor had the jury any discretion when the demand was made for a special verdict in writing."

Perhaps this was a mere dictum and we are aware that the proposition was not carried into the syllabus, but it has long been the understanding of the profession that the section is mandatory and in our judgment the decisions of our highest tribunal regarding other mandatory provisions warrant only one conclusion and that is that the provisions of the statute are mandatory in character.

For prejudicial error committed in refusing to require the jury to return a special verdict, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.